Case 3:12-cv-02201-L-BF   Document 11   Filed 08/02/13    Page 1 of 5   PageID 57

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 2 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY C. HULL, 1262122,<br>Petitioner, | )<br>)<br>) |
| v. | )  No. 3:12-CV-2201-L<br>) |
| WILLIAM STEPHENS, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I.   NATURE OF THE CASE

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

### II.   PROCEDURAL BACKGROUND

Petitioner does not challenge the validity of his underlying conviction and sentence. Instead, he challenges a prison disciplinary violation, number 20120155306, which he received at the Allred unit of the TDCJ.

Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1

On February 7, 2012, Petitioner was notified that he was being charged with assault on an officer, or any other person who is not an offender, that resulted in a serious injury. On February 13, 2012, the hearing officer found Petitioner guilty of the offense. Punishment was assessed at fifteen days loss of recreation privileges, forty-five days loss of commissary privileges, a reduction in line-class status from S-f to L-3, and loss of 196 days of good-time credit.

On February 15, 2012, Petitioner submitted a Step 1 grievance appealing his disciplinary case. On February 22, 2012, the grievance was denied. On February 24, 2012, Petitioner submitted a Step 2 grievance. On April 23, 2012, the grievance was denied.

On July 5, 2012, Petitioner filed the instant § 2254 petition. He argues:

1. The notice of disciplinary charges was incomplete;

2. There was no evidence to support a guilty finding;

3. He was denied the effective assistance of counsel substitute; and

4. The disciplinary hearing officer's finding of guilt was arbitrary and an abuse of discretion.

### III. DISCUSSION

1. **Good-Time Credits**

Petitioner challenges the loss of his good-time credits. Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision. Petitioner was previously convicted of robbery and aggravated robbery. The mandatory supervision statute in effect at the time Petitioner committed his robbery offenses stated that an inmate is ineligible for mandatory supervision if the inmate was incarcerated for, or was previously convicted of, robbery or aggravated robbery. TEX. Gov't Code § 508.149(a)(11), (12) (West 2002). Since Petitioner is ineligible for mandatory supervised release, the loss of good-time credits did not implicate a protected liberty interest. *Malchi*, 211 F.3d at 956-58.

**2.    Remaining Claims**

Petitioner also challenges the loss of commissary privileges, reduction in line classification, loss of recreation privileges, his placement in administrative segregation and the placement of a security precaution designation in his file. These claims, however, do not implicate a protected constitutional interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns); *Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008) (finding that in the absence of extraordinary circumstances, administrative segregation does not impose atypical and significant hardship required to trigger due process protection); *Lee v. Karriker*, 383 Fed. Appx. 491 (5th Cir.

2010) (finding that placement of a security precaution designation in prisoner's file did not implicate a constitutional interest).   Petitioner's claims should be denied.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 2 day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).